## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In the Matter of an Application to Enforce an Administrative Subpoena of the | ) ) ) |
| U.S. COMMODITY FUTURES TRADING COMMISSION, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, | ) ) ) ) ) |
| Applicant, | ) Misc. Action No. |
| v. | ) ) ) |
| STEPHEN F. LAKE, Redacted Chicago, IL Redacted | ) ) ) ) |
| Respondent. | ) ) ) |

## MEMORANDUM IN SUPPORT OF
## APPLICATION FOR AN ORDER TO SHOW CAUSE AND AN ORDER
## REQUIRING COMPLIANCE WITH ADMINISTRATIVE SUBPOENA

On September 21, 2015, Applicant United States Commodity Futures Trading
Commission ("Commission" or "CFTC"), pursuant to its statutory authority, issued a subpoena
*duces tecum/ad testificandum* (the "Subpoena") to Stephen Fredrick Lake, an individual residing
in Chicago, Illinois, in connection with an investigation being conducted by the CFTC Division
of Enforcement (the "Division"). Respondent has failed to comply with the Subpoena despite
ample notice and warning of a potential enforcement action. Accordingly, the Commission
seeks an order from the Court requiring Respondent to show cause why he should not be
compelled to comply fully with the Subpoena and, if necessary, an order requiring Respondent to
comply fully with the Subpoena.

## I.   FACTUAL BACKGROUND

The Commission is an independent federal regulatory agency responsible for administering and enforcing the Commodity Exchange Act, 7 U.S.C. §§ 1-26 (2012) (the "Act"), and Commission Regulations, 17 C.F.R. § 1.1 *et seq.* (2014), promulgated thereunder.  Stephen F. Lake is an individual who resides in Chicago, Illinois.  Declaration of Commission Investigator Michael Loconte in Support of Application for an Order to Show Cause and an Order Requiring Compliance With Administrative Subpoena ("Investigator Decl.") ¶ 3.  From May 2002 to March 2005 and from March 2005 to April 2015, Mr. Lake was, respectively, registered as a Floor Trader and a Floor Broker. *Id.* ¶ 4.  Prior to that, he was registered as an Associate Member and Associated Person with Ira Epstein & Company in 1996 and with Rosenthal Collins Group LLC in 1997. *Id.*

Acting pursuant to a formal order of investigation in the matter of "Certain Persons Engaged in Fraud With Respect to Pooled Investments and/or Managed Accounts," the Division issued the Subpoena on September 21, 2015 to Mr. Lake at his residential address in Chicago, Illinois.  Investigator Decl. Exs. 1, 2.  United Parcel Service tracking data confirms that the Subpoena was successfully delivered and signed for on September 22, 2015.  Investigator Decl. Ex. 3.

The Subpoena required Mr. Lake to produce relevant documents from the period of July 1, 2014 through the present, including: documents pertaining to Mr. Lake's business affiliations; customer or client relationships, communications, transactions, and solicitations; and financial and trading accounts.  Investigator Decl. Ex. 2.  The Subpoena established October 7, 2015, as the return date for Mr. Lake's production of responsive documents to the Commission's headquarters in Washington, D.C. *Id.*  The Subpoena also required Mr. Lake to appear for testimony at the Commission's regional office in Chicago, Illinois on October 28, 2015 at 10:00

2

AM. *Id.* A warning that "failure to comply with this subpoena may result in the commencement of a legal action in the United States District Court to compel compliance with the requirements hereof" appeared in bold face, capital letters type on the front of the Subpoena. *Id.*

As the return date for the document production approached with no communication from Mr. Lake, on October 2, 2015 the Division reached out to Mr. Lake by email as a courtesy to deliver the Subpoena by additional means and to remind Mr. Lake of the consequences should he fail to comply. Investigator Decl. Ex. 4. Mr. Lake did not respond to this email. Investigator Decl. ¶ 8.

The deadline set for document production expired on October 7, 2015 with no production or communication from Mr. Lake. *Id.* ¶ 11.

On October 28, 2015, the Division convened for the subpoenaed testimony. After waiting 30 minutes past the 10:00 start time, the court reporter certified that Mr. Lake did not appear for testimony. Investigator Decl. Ex. 5.

Following Mr. Lake's failure to appear at his duly noticed testimony, the Division placed a call to Mr. Lake's last known telephone number on November 3, 2015 and reached an automated recording indicating that the number had been changed, disconnected, or was no longer in service. Investigator Decl. ¶ 10.

To date, the Division has received no documents nor any communications from Mr. Lake in response to the Subpoena or any other communications. *Id.* ¶ 11.

## II.   JURISDICTION AND VENUE

The Act provides that

> In the case of contumacy by, or refusal to obey a subpoena issued
> to, any person, the Commission may invoke the aid of any court of
> the United States within the jurisdiction in which the investigation
> or proceeding is conducted, or where such person resides or
> transacts business, in requiring the attendance and testimony of

> witnesses and the production of books, papers, correspondence, memoranda, and other records.

7 U.S.C. § 9(8) (2012). The Commission's District of Columbia headquarters office is the hub of its nationwide investigation of commodity pool fraud; the Division staff conducting the investigation resulting in the Subpoena to Mr. Lake are located in Washington, D.C.; the Commission's internal records relating to the investigation are stored in Washington, D.C.; and the Division issued the Subpoena from, and document production is returnable to, Washington, D.C. For these reasons, this Court has jurisdiction over Mr. Lake with respect to this action, and venue properly lies with this Court. *Id.*; *see U.S. Int'l Trade Comm'n v. ASAT, Inc.*, 411 F.3d 245, 249 (D.C. Cir. 2005); *U.S. Commodity Futures Trading Comm'n v. Sullivan*, No. 15-mc-00032 (RDM) (D.D.C. April 3, 2015); *cf. Nat'l Labor Relations Bd. v. Cooper Tire & Rubber Co.*, 438 F.3d 1198, 1204 (D.C. Cir. 2006).

### III.   **ARGUMENT**

Administrative agencies like the CFTC "wield broad power to gather information through the issuance of subpoenas," *Resolution Trust Corp. v. Grant Thornton*, 41 F.3d 1539, 1544 (D.C. Cir. 1994), and "[a]n administrative subpoena must be enforced if the information sought 'is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant.'" *Resolution Trust Corp. v. Walde*, 18 F.3d 943, 946 (D.C. Cir. 1994) (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950)); *accord Resolution Trust Corp. v. Frates*, 61 F.3d 962, 964 (D.C. Cir. 1995); *U.S. Commodity Futures Trading Comm'n v. Ekasala*, 62 F. Supp. 3d 88, 93 (D.D.C. 2014); *United States v. Capitol Supply, Inc.*, 27 F. Supp. 3d 91, 99 (D.D.C. 2014). Here, the Commission's investigation is within its jurisdiction, and its administrative process and the Subpoena complies with this Circuit's standard for enforcement.

## A. The Subpoena is Within the Commission's Broad Investigative Authority

The CFTC, like other federal agencies, has far-reaching investigatory authority permitting it to "investigate merely on suspicion that the law is being violated, or even just because [the agency] wants assurance that it is not." *Morton Salt*, 338 U.S. at 642-43; *see also Walde*, 18 F.3d at 947 (following *Morton Salt*). The CFTC's authority is especially broad at the pre-complaint stage, where it "is under no obligation to propound a narrowly focused theory of a possible future case." *Ekasala*, 62 F. Supp. 3d at 93 (quoting *Fed. Trade Comm'n v. Texaco*, 555 F.2d 862, 874 (D.C. Cir. 1977)).

An essential component of this investigatory power is the Commission's ability to issue and serve subpoenas. *See* 7 U.S.C. § 12(a)(1) ("For the efficient execution of the provisions of this chapter . . . the Commission may make such investigations as it deems necessary to ascertain the facts regarding the operations of . . . persons subject to the provisions of this chapter."), *and* 7 U.S.C. § 9(5) ("[A]ny . . . officer designated by the Commission . . . may . . . subpoena witnesses, compel their attendance, take evidence, and require the production of any . . . records that the Commission deems relevant or material to the inquiry."); *see also Commodity Futures Trading Comm'n v. Harker*, 615 F. Supp. 420, 424 (D.D.C. 1985) ("[T]he Act grants the Commission the authority to subpoena witnesses and to seek judicial enforcement of such subpoenas." (citing 7 U.S.C. § [9])).

Having followed proper administrative procedure, "[t]he CFTC must be given substantial leeway to investigate" so that it may assess whether parties have "complied with or run afoul of the [Act] and CFTC regulations," *Collins v. Commodity Futures Trading Comm'n*, 737 F. Supp. 1467, 1485 (N.D. Ill. 1990), and "enforcement of [its] investigatory subpoena will be denied only when there is 'a patent lack of jurisdiction' in an agency to regulate or to investigate." *Fed. Trade Comm'n v. Ken Roberts Co.*, 276 F.3d 583, 587 (D.C. Cir. 2001), *cert. denied*, 537 U.S.

820 (2002) (*quoting CAB v. Deutsche Lufthansa Aktiengesellschaft*, 591 F.2d 951, 952 (D.C. Cir. 1979)); *see also Texaco*, 555 F.2d at 872 ("[T]he scope of issues which may be litigated in an enforcement proceeding must be narrow, because of the important governmental interest in the expeditious investigation of possible unlawful activity."); *Capitol Supply*, 27 F. Supp. 3d at 99 (*citing Texaco*).

The Commission's Subpoena to Respondent—issued pursuant to a formal order of investigation—plainly falls within the scope of the CFTC's authority to investigate potential violations of the Act and Commission Regulations. *See* 7 U.S.C. §§ 9, 12(a)(1). The Subpoena seeks documents and information relating to a potential fraudulent scheme involving a pooled or managed investment vehicle that trades commodity futures products, which is squarely within the Commission's regulatory authority. *See, e.g.*, 7 U.S.C. § 6b (2012); 17 C.F.R. § 180.1 (2015). Documents and testimony responsive to the Subpoena would allow the Commission to determine whether there are or have been violations of these or other provisions.

## B. The Subpoena Seeks Specific, Relevant Information

The standard for determining the relevance of records and testimony requested by an administrative subpoena "is more relaxed than in an adjudicatory one . . . . The requested material, therefore, need only be relevant to the *investigation*—the boundary of which may be defined quite generally . . . '" *Walde*, 18 F.3d at 947 (*quoting Fed. Trade Comm'n v. Invention Submission Corp.*, 965 F.2d 1086, 1090 (D.C. Cir. 1992), *cert. denied*, 507 U.S. 910 (1993)); *accord Ekasala*, 62 F. Supp. 3d at 93. In making a relevancy determination, a federal "agency's own appraisal of relevancy must be accepted so long as it is not 'obviously wrong.'" *Invention Submission Corp.*, 965 F.2d at 1089 (quoting *Fed. Trade Comm'n v. Carter*, 636 F.2d 781, 787-88 (D.C. Cir. 1980)); *accord Ekasala*, 62 F. Supp. 3d at 93. In the event of a challenge to the

subpoena, "the party resisting an administrative subpoena bears the burden of showing that the information sought is irrelevant." *Frates*, 61 F.3d at 964.

Here, Respondent has not challenged the Subpoena in any manner, instead ignoring it outright. In any event, a belated claim of irrelevancy would certainly fail. The Subpoena seeks information that is clearly relevant to the Commission investigation into potential fraud in pooled or managed commodity accounts. For example, documents concerning Respondent's business affiliations and background, Investigator Decl. Ex. 2 (Requests 1, 10), will provide the Commission with additional leads to ensure a comprehensive investigation of the relevant activities. Documents concerning the identity of customers and the solicitations of them, *id.* (Requests 2, 4-6), will allow the Commission to contact and interview the customers about their investment. Further, documents concerning personal and customer financial and trading accounts, as well as customer fund transfers and payments, *id.* (Requests 3, 7-9), are relevant to determining the scope of any commodity pool and uncovering how customer funds were used. Testimony from Respondent on these and other related topics will be instrumental to the Commission's understanding of the nature, scope, and extent of the relevant activities, and to further aid in its investigation. Measured, as they must be, "only against the general purposes of [the] investigation," such requests and demand for testimony indisputably are "reasonably relevant" to the CFTC's investigation. *Ekasala*, 62 F. Supp. 3d at 93-94 (finding requests for "corporate formation documents, promotional materials, information regarding former officers and employees, and bank account statements" to "plausibly contain information relevant to the investigation").

Finally, the Subpoena is narrowly focused, limited in time, and imposes minimal burdens on Respondent. The Subpoena provides dates, definitions, instructions and ten specific requests

for documents, limited to the period of July 1, 2014 through the present.  Investigator Decl. Ex.

2.  Such requests are reasonable and should be enforced.  *See Ekasala*, 62 F. Supp. 3d at 93

(enforcing a subpoena with similarly definite requests); *see also Texaco*, 555 F.2d at 882 ("We

emphasize that the question is whether the demand is unduly burdensome or unreasonably broad.

Some burden on subpoenaed parties is to be expected and is necessary in furtherance of the

agency's legitimate inquiry and the public interest.").  The Subpoena further commands

Respondent to appear for testimony at the Commission's regional office in Chicago—a courtesy

ensuring that he need not travel from his home city in order to comply with the Subpoena.

Investigator Decl. Ex. 2.  To the extent Respondent attempts for the first time in response to this

Application to argue burdens, this Court should deny such argument on the grounds that

"Respondent has not been responsive or particularly communicative with the CFTC regarding

compliance . . . [and] he never made an attempt to comply with them in the first instance."

*Ekasala*, 62 F. Supp. 3d at 95.

## IV.   CONCLUSION

The Subpoena and the documents it seeks are well within the Commission's authority,

and they are sufficiently definite and seek reasonably relevant information.  The Court should

therefore issue an order requiring Respondent to show cause why he should not be compelled to

comply fully with the Subpoena, and, if necessary, an order requiring Respondent to comply

fully with the Subpoena.

Date:  December 16, 2015

Respectfully submitted,

Ilana D. Waxman (DC Bar No. 1012358)
*iwaxman@cftc.gov*
James H. Holl, III (DC Bar No. 453473)
*jholl@cftc.gov*
U.S. COMMODITY FUTURES TRADING COMMISSION
Three Lafayette Centre
1155 21st Street NW
Washington, D.C. 20581
Tel:  (202) 418-5000